STATE OF NORTH CAROLINA v. RICKY WALLACE BROWN

No. 527PA82

(Filed 5 April 1983)

1. **Arson § 4.2; Criminal Law § 106.4— burning of personal property — insufficient evidence independent of confession**
     The State's evidence was insufficient for the jury in a prosecution for burning personal property, a mobile home, where the State failed to establish, independent of defendant's confession, that the fire had a criminal origin.

2. **Criminal Law § 124.5— verdict not inconsistent**
     It was not inconsistent for the jury to determine that the defendant broke into and entered a mobile home with the intent to commit larceny and then to find defendant not guilty of larceny.

ON defendant's petition for discretionary review of the decision of the Court of Appeals, 58 N.C. App. 606, 294 S.E. 2d 380 (1982) (opinion by *Judge Webb* with *Judges Robert Martin* and *Wells* concurring), finding no error in the judgment of *Britt, J.,* entered 26 March 1981 in Superior Court, WAKE County.

The State presented evidence at trial that showed that a mobile home located at Sid Jones Trailer Park in Wake County and owned by Cindy Blackman was destroyed by fire in the early

morning hours of 2 May 1980. At the time of the fire all appliances were turned off with the exception of the hot water heater and the refrigerator. In addition, there was no fuel in the oil drum connected to the heating unit in the mobile home. At the time of the fire Cindy Blackman had been out of town for two weeks. Ms. Blackman's mother, Joyce O'Neal, lived next door and she testified that the mobile home was locked at the time of the fire and that she had observed no unusual conditions in or around the mobile home within eight hours of the fire.

On the afternoon of 2 May 1980 the Wake County Sheriff's department found several personal possessions belonging to Cindy Blackman inside a suitcase in defendant's bedroom. Ms. Blackman identified the items, stated that she had last seen them in her mobile home and that defendant had never received permission to enter her mobile home or take the articles found in his bedroom. The defendant was picked up on the afternoon of 2 May 1980 and taken to the Wake County Sheriff's Office where he signed a confession stating, "I, Ricky Brown, burnt down a trailer last night at Sid Jones Trailer Park belonging to Cindy." At the time of this confession the State's evidence indicated the defendant had been drinking and was unable to keep any food on his stomach.

The defendant presented no evidence at trial.

On 26 March 1981 in Superior Court, Wake County, a jury found defendant guilty of felonious breaking or entering and guilty of burning personal property. However, defendant was found not guilty of felonious larceny. Judge Samuel E. Britt imposed upon defendant a three to five years sentence for the felonious breaking or entering conviction and a seven to ten years sentence for the burning of personal property conviction. The sentences were ordered to run consecutively.

From the judgment of the Superior Court, defendant appealed to the Court of Appeals. That court, in an opinion filed 3 August 1982, found no error in defendant's trial. On 7 December 1982 we allowed defendant's petition for discretionary review.

*Rufus L. Edmisten, Attorney General, by George W. Lennon, Assistant Attorney General, for the State.*

*Adam Stein, Appellate Defender, by James H. Gold, Assistant Appellate Defender, for the defendant.*

COPELAND, Justice.

[1]   In defendant's first assignment of error he contends that the trial court erred in denying his motion to dismiss the charge of burning personal property. The basis of this contention is that the State failed to present evidence, independent of defendant's confession, which establishes that the crime of burning personal property was committed. Upon review of the evidence we agree with defendant's contention.

The rule in this State is, "[T]he State must establish two propositions in the prosecution of a criminal charge: (1) that a crime has been committed; and (2) that it was committed by the person charged." *State v. Chapman,* 293 N.C. 585, 587, 238 S.E. 2d 784, 786 (1977); *State v. Bass,* 253 N.C. 318, 116 S.E. 2d 772 (1960). The first element, that a crime be shown to have been committed is called the *corpus delicti. Corpus delicti* is defined as, "the substance or foundation of a crime; the substantial fact that a crime has been committed." Black's Law Dictionary 310 (5th ed. 1979).

In North Carolina, "a conviction cannot be sustained upon a naked extra-judicial confession. There must be independent proof, either direct or circumstantial, of the *corpus delicti* in order for the conviction to be sustained." *State v. Green,* 295 N.C. 244, 248, 244 S.E. 2d 369, 371 (1978); *State v. Thompson,* 287 N.C. 303, 214 S.E. 2d 742 (1975). Even though the defendant's confession identifies him as the person who committed the burning, the State must first establish the *corpus delicti,* that a crime was in fact committed.

The *corpus delicti* in this case is the criminal burning of personal property, to-wit Cindy Blackman's mobile home. There is no dispute either that Ms. Blackman's mobile home was destroyed by fire or that the origin of the fire was never discovered. The State presented evidence designed to show that the fire was most probably not the result of some condition present inside the mobile home. However, the State's evidence was insufficient to show the fire had a criminal origin. In fact it is just as reasonable to assume from the State's evidence that the fire was the result of a negligent act or an accident. "[I]f nothing more appears, the presumption is that the fire was the result of accident or some providential cause." *Phelps v. Winston-Salem,* 272 N.C. 24, 31, 157

S.E. 2d 719, 724 (1967). The most the State has shown in this case is that the fire could have possibly been the result of a criminal act. "Beyond that we must sail in a sea of conjecture and surmise. This we are not permitted to do." *State v. Minor*, 290 N.C. 68, 75, 224 S.E. 2d 180, 185 (1976). As a result we hold that the conviction for burning personal property must be vacated.

[2] In his second assignment of error defendant contends that the felonious breaking or entering conviction must be vacated because that conviction is inconsistent with his acquittal on the felonious larceny charge. Although the not guilty verdict on the felonious larceny charge is not inconsistent with the guilty verdict on felonious breaking or entering as defendant contends, "a jury is not required to be consistent and mere inconsistency will not invalidate the verdict." *State v. Davis*, 214 N.C. 787, 794, 1 S.E. 2d 104, 108 (1939).

The verdicts in this case are not inconsistent because they involve two separate and distinct crimes. The first verdict concerns felonious breaking or entering as prohibited by G.S. 14-54(a) whereas the second verdict concerns larceny as prohibited by G.S. 14-72. "If two statutes are violated, even by a single act, and each offense requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the one statute." *State v. Malpass*, 189 N.C. 349, 355, 127 S.E. 248, 252 (1925); *State v. Stevens*, 114 N.C. 873, 19 S.E. 861 (1894). The crime of larceny has an element not present in the crime of felonious breaking or entering, to wit a wrongful taking and carrying away of the personal property of another. *State v. Bowers*, 273 N.C. 652, 161 S.E. 2d 11 (1968). As a result it is not inconsistent for the jury to determine that the defendant entered the mobile home with the intent to commit larceny yet find that no larceny was in fact committed.

In the case *sub judice* there was sufficient evidence for the jury to convict the defendant on both the felonious larceny charge and the felonious breaking or entering charge. Although the acquittal on the larceny charge was charitable, it was not legally inconsistent. Therefore, this assignment of error is overruled.

Affirmed in part and reversed in part.