STATE OF NORTH CAROLINA v. RICHARD LEWIS TREXLER

No. 8428SC1346

(Filed 1 October 1985)

**Criminal Law § 106.4; Automobiles and Other Vehicles § 127.3— DWI—defendant's confession—insufficient evidence of corpus delicti**

> There was insufficient evidence to convict defendant of driving while impaired where a Mr. Hall, asleep in his home, heard a loud noise, saw a vehicle which had been wrecked on the highway in front of his home, and saw defendant in the area; defendant told a highway patrolman that he had been driving the automobile at the time of the accident; and defendant was under the influence of alcohol at that time in the opinion of the patrolman. Proof that there was an accident and that an intoxicated person later came to the scene does not prove that someone had been driving while impaired under *State v. Brown*, 301 N.C. 181; without proof of the corpus delicti the statement of defendant to the patrolman should not have been admitted and there was insufficient evidence to convict the defendant.

> Judge BECTON concurring in the result.

> Judge MARTIN dissenting.

APPEAL by defendant from *Allen, Judge.* Judgment entered 14 August 1984 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 17 September 1985.

The defendant was tried for driving while impaired. The State's evidence showed that Horace W. Hall, Jr. was asleep in his home on 13 May 1984 when he heard a "loud noise." He looked out his window and saw an automobile lying upside down in the

highway. He saw someone leave the automobile. Mr. Hall called the sheriff's department and a deputy arrived ten or fifteen minutes later. A highway patrolman arrived approximately thirty minutes after Mr. Hall had called. R. L. Robinson, a trooper with the highway patrol testified he arrived at the scene at approximately 3:15 a.m. and talked to the defendant at approximately 3:30 a.m. Mr. Robinson testified that the defendant told him he had been driving the automobile at the time of the accident and had not drunk any alcoholic beverage since the accident. In the opinion of Mr. Robinson the defendant was under the influence of alcohol at the time he talked to him. A breathalyzer test was administered to the defendant which showed he had a blood alcohol content of .14%.

The defendant offered no evidence. He was convicted and appealed from the sentence imposed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General W. Dale Talbert, for the State.*

*Roberts, Cogburn, McClure & Williams, by Max O. Cogburn and Isaac N. Northup, Jr., for defendant appellant.*

WEBB, Judge.

The defendant assigns error to the denial of his motion to dismiss. We hold, pursuant to *State v. Brown,* 308 N.C. 181, 301 S.E. 2d 89 (1983), that we are bound to sustain this assignment of error. In *Brown* our Supreme Court reversed a conviction for unlawful burning of personal property. The evidence in that case showed that a house trailer owned by Cindy Blackman was destroyed by fire. Cindy Blackman had been out of town for two weeks when the fire occurred. Certain items of her clothes, which she testified were in the trailer when she left, were found in the defendant's room. The defendant signed a confession in which he said, "I, Ricky Brown, burnt down a trailer last night at Sid Jones Trailer Park belonging to Cindy." Our Supreme Court held this was not sufficient evidence to support a conviction. It held that in order to prove the corpus delicti which would make the confession admissible the State must first prove that a crime had been committed. It said, "However, the State's evidence was insufficient to show the fire had a criminal origin. In fact it is just as reasonable to assume from the State's evidence that the fire was

the result of a negligent act or an accident." *Id.* at 183-184, 301 S.E. 2d at 90. Without the confession there was not sufficient evidence to convict Brown.

In this case the evidence without the defendant's statement is that Mr. Hall heard a loud noise, that he saw a vehicle which had been wrecked on the highway in front of his home, and that he saw the defendant who was under the influence of an intoxicating beverage in the area. We do not believe under *Brown* that proof that there was an accident and an intoxicated person later came to the scene proves in this case the crime that someone had been driving while impaired. Without proof of the corpus delicti the statement of the defendant to Mr. Robinson should not have been admitted. There was not sufficient evidence to convict the defendant.

We make a few additional comments in the hope that our Supreme Court will reconsider its position and overrule *Brown*. The author of this opinion was also the author of the opinion in *Brown* when it was in this Court. The panel of this Court which rendered the decision was so certain we were following a well enunciated rule that we affirmed the conviction without a published opinion. We did not understand the rule as to proof of corpus delicti in order to make a confession admissible as it was written in *Brown*.

We followed a rule which we felt was well established in the following cases. *State v. Green,* 295 N.C. 244, 244 S.E. 2d 369 (1978); *State v. Thompson,* 287 N.C. 303, 214 S.E. 2d 742 (1975), *death sentence vacated,* 428 U.S. 908 (1976); *State v. Jenerett,* 281 N.C. 81, 187 S.E. 2d 735 (1972); and *State v. Whittemore,* 255 N.C. 583, 122 S.E. 2d 396 (1961). This rule was stated by Chief Justice Branch in *Thompson* as follows:

> Defendant correctly contends that his conviction cannot be sustained upon a naked extrajudicial confession. However, it is equally well settled that if the State offers into evidence sufficient extrinsic corroborative circumstances as will, when taken in connection with an accused's confession, show that the crime was committed and that the accused was the perpetrator, the case should be submitted to the jury.

287 N.C. at 324, 214 S.E. 2d at 755. The defendant in *Thompson* had been convicted of murder. The evidence which Chief Justice

Branch held corroborated the defendant's confession was that the defendant was found in an automobile similar to the one belonging to the deceased; the defendant had a large sum of money; the defendant had an opportunity to steal the pistol which was shown to have fired the fatal bullets; the defendant had in his possession a pistol which was the same color as the one which fired the bullets into deceased's body; and his girlfriend saw some empty shells in the possession of the defendant. We do not believe this evidence which was relied on to establish the corpus delicti proves a murder had been committed.

In *Whittemore* a defendant was tried for a crime against nature and carnal knowledge of a virtuous girl. A penetration is necessary for a person to be convicted of either crime. The State's witness did not testify that there was a penetration so that there was not proof that a crime had been committed. Our Supreme Court said that this was not enough to convict the defendant of either crime. The defendant confessed, however, and the Court held that the testimony of the State's witness and the confession were enough to sustain the conviction. We believe *Whittemore* contains a square holding that it is not necessary to prove a crime has been committed in order to make the confession admissible. Justice Rodman, writing for the Court said:

> A conviction cannot be had on the extrajudicial confession of the defendant, unless corroborated by proof aliunde of the corpus delicti. Full, direct, and positive evidence, however, of the corpus delicti is not indispensable. A confession will be sufficient if there be such extrinsic corroborative circumstances, as will, when taken in connection with the confession, establish the prisoner's guilt in the minds of the jury beyond a reasonable doubt.
>
> . . . .
>
> Suffice it to say that the evidence offered by the State was subject to an explanation and interpretation by defendant himself . . . . Circumstances capable of an innocent construction may be interpreted in the light of defendant's admissions, and the fact under investigation be thus given a criminal aspect.

255 N.C. at 589, 122 S.E. 2d at 401.

State v. Trexler

Justice Dan Moore in *Jenerett* quoted *Whittemore* with approval. In *State v. Macon*, 6 N.C. App. 245, 170 S.E. 2d 144 (1969) the defendant was convicted of second degree murder. The State's evidence showed that the skeleton of the victim was found with a bullet hole through her skull. This evidence was held to be sufficient proof of the corpus delicti to make the defendant's confession admissible. Our Supreme Court affirmed this holding at 276 N.C. 466, 173 S.E. 2d 286 (1970). We believe that the fact that there was a bullet hole through the victim's skull did not prove she was murdered. It could have been just as easily inferred that it was an accident or that it was a suicide. We believe *Macon* contains a square holding that it is not necessary to prove a crime has been committed in order to make a confession admissible. Judge Parker, writing for this Court in *Macon,* said:

> To establish a prima facie showing of the corpus delicti the prosecution need not eliminate all inferences tending to show a non-criminal cause of death. "Rather, a foundation (for the introduction of a confession) may be laid by the introduction of evidence which creates a reasonable inference that the death could have been caused by a criminal agency . . . even in the presence of an equally plausible non-criminal explanation of the event."

6 N.C. App. at 253, 170 S.E. 2d at 149.

2 H. Brandis, *Brandis on N.C. Evidence* 2nd Rev. Ed. § 182 at page 65 quotes from Chief Justice Branch's opinion in *Thompson* as to the evidence necessary to make a confession admissible. We believe our Supreme Court in *Brown* has rejected the test as stated in *Brandis.* We believe it has overruled the holdings of *Whittemore* and *Macon* without citing them. We also believe it overruled the language of *Green* and *Jenerett* and the ground on which Chief Justice Branch placed the holding in *Thompson.*

Our Supreme Court dealt with the necessity of proving the corpus delicti to make admissible a confession in *State v. Franklin*, 308 N.C. 682, 304 S.E. 2d 579 (1983). In that case there was evidence that the deceased had been murdered. The Court held this was sufficient proof of the corpus delicti for the admission of a confession to felony murder. The Court cited *Green* and *Thompson* but did not discuss them. It did not cite *Jenerett, Whittemore* or *Macon.* The court cited *Brown* with approval.

We believe that *Brown* marked a radical departure from prior law in this state. We have discussed the proof of corpus delicti necessary to make a confession admissible in the hope that our Supreme Court will reconsider this rule and overrule *Brown.* We believe Chief Justice Branch properly stated the rule in *Thompson* as it then applied and we hope it will be reinstated. Confessions can be good evidence and should not be excluded by a rule which is not supported by reason. It is difficult to explain to the public why our law should say, as it did in *Brown,* that evidence that a woman left her trailer, the trailer was burned, clothes the woman left in the trailer were found in the defendant's possession and the defendant said he burned the trailer is not enough evidence to convict the defendant of burning the trailer. It is equally hard to explain why it should say in this case that evidence that an automobile was wrecked on the highway, that the defendant told a highway patrolman he had driven the automobile and that the defendant was under the influence of alcohol is not sufficient evidence to convict the defendant of driving while impaired. That is what we are forced to hold under *Brown.*

For the reasons stated in this opinion we reverse and remand with an order to dismiss the charge against the defendant.

Reversed and remanded.

Judge BECTON concurs in the result.

Judge MARTIN dissents.

Judge BECTON concurring in the result.

Although I do not agree with the position taken in the majority opinion, I nevertheless concur in the result reached. First, I am not convinced that *State v. Brown,* 308 N.C. 181, 301 S.E. 2d 89 (1983) was wrongly decided. Because of human frailties and limitations, the guilty are sometimes freed and the innocent are sometimes convicted. Thus, implicit in our criminal justice system is the social contract notion that in exchange for our inability to discover the "absolute" truth, we assure criminal defendants that we will provide them as fair a trial as humanly possible. And so the balance won't be further skewed by whatever inherent advan-

tage the State may have, we give criminal defendants certain procedural rights, we place the burden of proof on the State, and we give the defendant an absolute right not to testify or present a defense. Had *Brown* been decided differently, defendants would be pressured to take the stand in many instances to explain their insolubly ambiguous statements or testify that their allegedly criminal acts resulted from negligence or accident. This the law does not require.

Second, while *Brown* may be distinguishable from the case at bar when one considers wilfulness or intent necessary for a conviction in *Brown,* I believe it to be a distinction without a difference on the facts of this case. Defendant's extrajudicial confession cannot be used absent either (1) independent evidence of the corpus delicti, or (2) both independent evidence of the trustworthiness of the confession and a showing of criminality on the part of the defendant.

The State's proof regarding the location of the accident and the fact that defendant's father came to the scene with defendant is not determinative. *State v. Franklin,* 308 N.C. 682, 693, 304 S.E. 2d 579, 586 (1983), requires more than "proof of facts and circumstances which add credibility to the confession and generate a belief in its trustworthiness." *Franklin* states that in addition there must be "independent proof of death, injury, or damage, as the case may require, by criminal means . . . [before] [e]lements of the offense may . . . be proved through the statements of the accused." *Id.* The fact that the accident happened farther down Stradley Mountain Road from where (if you use defendant's confession) defendant had attended a party in no way enhances the trustworthiness of defendant's confession as to driving the car. Further, the presence of defendant's father at the scene is not independent evidence of the corpus delicti or of defendant's criminality. It only shows that defendant knew or learned of the accident and went to the scene with his father.

Had Mr. Hall been able to identify defendant as the person who ran from the car, or had one of the presumably several people at the party farther up Stradley Mountain Road testified that defendant left the party driving the car shortly before it overturned, defendant's conviction could have been sustained. On the facts of this case, the State failed to carry its burden or to estab-

lish that this case is sufficiently distinguishable from *Brown* to permit me to uphold defendant's conviction.

Judge MARTIN dissenting.

I would vote to sustain defendant's conviction of impaired driving. "The corpus delicti rule is based on the hesitancy of the law to accept, *without adequate corroboration,* the extrajudicial confession of a defendant and to avoid convicting a person, solely out of his own mouth, of a crime that was never committed or was committed by someone else." *State v. Franklin,* 308 N.C. 682, 693, 304 S.E. 2d 579, 586 (1983) (emphasis added). I believe that the defendant's statement was sufficiently corroborated by independent evidence so as to establish that it was trustworthy and, therefore, to permit the State to prove, through the statement, the element of defendant's operation of the automobile.

The State's evidence showed that while the investigating officer was at the accident scene on Stradley Mountain Road, the defendant arrived there with his father, approached the officer, and stated that the overturned automobile was his and that he had been the driver. He told the officer that he had been to a party further up Stradley Mountain Road and that after the accident, he had gone home. Only one person exited the automobile after it overturned. The State's proof regarding the location of the accident is corroborative of the defendant's statement as to his activities prior thereto, and, although differing inferences may be drawn from the fact that defendant's father came to the scene with defendant, that fact lends credence to defendant's statement that he had gone to his home after the accident and had returned to the scene. Circumstantial proof of defendant's impairment at the time of driving, and his blood alcohol level at a relevant time thereafter, is supplied by the officer's description of defendant's intoxicated condition at the scene and the results of the subsequent breathalyzer test. The circumstances in corroboration of defendant's statement and the independent proof of his impairment are sufficient to remove any reasonable concern that defendant might be convicted, through his unsolicited admission, of an offense which had not been committed, or had been committed by someone else.

Evidence very similar to that in the case *sub judice* has been held sufficient to overrule a motion for dismissal. In *State v.*

*Snead,* 295 N.C. 615, 247 S.E. 2d 893 (1978), the State's evidence showed that the investigating highway patrolman arrived at the scene of a one-car accident and found several people milling around the automobile. Snead told the officer that he was the driver of the wrecked car. The officer, being of the opinion that Snead was intoxicated, arrested him and a subsequent breathalyzer test indicated that defendant's blood alcohol content was .21%. Though the corpus delicti rule was not discussed, the Supreme Court held the evidence sufficient to warrant denial of Snead's motion for non-suit. The State's evidence in this case was likewise sufficient to overrule Trexler's motion for dismissal.