STATE OF NORTH CAROLINA v. RICHARD LEWIS TREXLER

No. 626A85

(Filed 6 May 1986)

1. **Criminal Law § 106.4— corpus delicti rule—applicability to confessions and admissions**

    The *corpus delicti* rule applies with equal force to confessions and admissions.

2. **Criminal Law § 106.4— corpus delicti rule—trustworthiness of confession—expanded rule**

    The decision of *State v. Parker*, 315 N.C. 222, 337 S.E. 2d 487 (1985), expanded the type of corroboration which may be sufficient to establish the trustworthiness of a confession for the purpose of the *corpus delicti* rule. The pre-*Parker* rule is still fully applicable in cases in which there is some evidence *aliunde* the confession which, when considered with the confession, will tend to support a finding that the crime charged occurred.

---

**3. Criminal Law § 106.4— driving while impaired—proof of corpus delicti**

The State presented sufficient evidence of the *corpus delicti* to support defendant's conviction of the crime of driving while impaired where a highway patrolman testified to admissions by defendant that he was driving an automobile when it overturned, that he had "a couple of beers" before driving the automobile, that he went home and returned to the scene with his father, and that he had nothing to drink after the accident, and where evidence of the *corpus delicti aliunde* defendant's admissions tended to show that (1) the overturned automobile was lying in the middle of the road and a single person was seen leaving the automobile, (2) when defendant returned to the scene, he appeared to be impaired as a result of using alcohol, (3) defendant later blew a 0.14 on a breathalyzer, and (4) the wreck was otherwise unexplained.

APPEAL as of right pursuant to N.C.G.S. § 7A-30(2) from the judgment of the North Carolina Court of Appeals, 77 N.C. App. 11, 334 S.E. 2d 414 (1985), reversing and remanding the conviction of Richard Lewis Trexler for driving while impaired in violation of N.C.G.S. § 20-138.1. Defendant Trexler was convicted at the 13 August 1984 Criminal Session of BUNCOMBE County Superior Court, *Allen, J.*, presiding.

The State's evidence at trial tended to show that on 13 May 1984 at approximately 2:15 a.m. Horace Hall was awakened by a loud noise outside his home. He looked out the window of his front door and saw a car lying upside down in the road and someone leaving the vehicle. Mr. Hall telephoned the sheriff's department and approximately ten minutes later a deputy arrived. R. L. Robinson, a trooper with the North Carolina Highway Patrol, arrived at the scene at approximately 3:15 a.m. Mr. Hall testified that he heard defendant tell Trooper Robinson that he had had "[a] couple of beers" to drink. Hall also stated that he talked with defendant about repairing his and his neighbor's mailboxes which had been damaged during the wreck.

Trooper Robinson testified that when he arrived at 216 Stradley Mountain Road he observed a Datsun passenger car lying on its top in the middle of the highway. Robinson related that although he could find no registration card in the vehicle defendant approached him and stated that the car was his and that he was the person driving it. Defendant further indicated that he had left the scene, had been home, and had returned with his father. Robinson also stated that defendant revealed that prior to the accident he had been at a party further up Stradley Mountain Road and that he had not had anything to drink since the acci-

dent. After talking with and observing defendant, Trooper Robinson determined that defendant in his opinion had consumed a sufficient amount of some intoxicating beverage to noticeably and appreciably impair both his mental and physical faculties. Shortly thereafter, Robinson placed defendant under arrest for driving while impaired and transported him to the Buncombe County Sheriff's Department.

At approximately 5:09 a.m., defendant was required to take a breathalyzer test. The chemical analysis revealed that defendant's blood alcohol content was 0.14.

Defendant moved at the close of the State's evidence to dismiss the charge against him on the ground that the State had failed to present sufficient evidence to prove the *corpus delicti* of the offense. The trial court denied this motion. After choosing to offer no evidence, defendant renewed his motion to dismiss which was again denied. The jury returned a verdict of guilty of driving while impaired. Defendant was sentenced to thirty days in jail which was suspended for three years and he was placed on unsupervised probation for three years.

*Lacy H. Thornburg, Attorney General, by W. Dale Talbert, Assistant Attorney General, for the State.*

*Roberts, Cogburn, McClure & Williams, by Max O. Cogburn, Isaac N. Northup, Jr., and Glenn S. Gentry, for defendant-appellee.*

*Smith, Patterson, Follin, Curtis, James & Harkavy, by Charles A. Lloyd, for Greensboro Criminal Defense Lawyer's Association, amicus curiae.*

BRANCH, Chief Justice.

The sole question presented by this appeal is whether the majority of the panel in the Court of Appeals correctly determined that the trial court erred in denying defendant's motion to dismiss on the basis that the State had failed to prove the *corpus delicti* of the charged offense. The majority felt that it was bound by this Court's decision in *State v. Brown*, 308 N.C. 181, 301 S.E. 2d 89 (1983).

[1] There is some question in the present case as to whether defendant's extrajudicial statements should be categorized as a con-

fession or an admission. An admission is a statement of pertinent facts which, in light of other evidence, is incriminating. 2 Brandis on North Carolina Evidence § 182, n. 3 (1982). Our State law defines a confession as "an acknowledgement in expressed words by an accused in a criminal case of his guilt to the crime charged or of some essential part of it." *State v. Fox*, 277 N.C. 1, 25, 175 S.E. 2d 561, 576 (1970). *See also State v. Shaw*, 284 N.C. 366, 373, 200 S.E. 2d 585, 589 (1973). A confession, therefore, is a type of an admission. 2 Brandis on North Carolina Evidence, § 182 (1982); 3 Wigmore, *Evidence* § 821 (1970). We conclude that the *corpus delicti* rule applies with equal force to confessions and admissions. *Cf. State v. Spaulding*, 288 N.C. 397, 219 S.E. 2d 178 (1975), *death sentence vacated*, 428 U.S. 904, 49 L.Ed. 2d 1210 (1976); *State v. Barber*, 278 N.C. 268, 179 S.E. 2d 404 (1971). The United States Supreme Court, in applying its *corpus delicti* rule in *Opper v. United States*, 348 U.S. 84, 90, 99 L.Ed. 101, 107 (1954), in part, stated: "[a]n accused's admissions of essential facts or elements of the crime, subsequent to the crime, are of the same character as confessions and that corroboration should be required." Thus, regardless of whether defendant's statements constitute an actual confession or only amount to an admission, our long established rule of *corpus delicti* requires that there be corroborative evidence, independent of the statements, before defendant may be found guilty of the crime.

It is well established in this jurisdiction that a naked, uncorroborated, extrajudicial confession is not sufficient to support a criminal conviction. Our application of the *corpus delicti* rule before our decision in *State v. Parker*, 315 N.C. 222, 337 S.E. 2d 487 (1985), required that there be corroborative evidence, independent of defendant's confession, which tended to prove the commission of the charged crime. *State v. Franklin*, 308 N.C. 682, 304 S.E. 2d 579 (1983); *State v. Green*, 295 N.C. 244, 244 S.E. 2d 369 (1978); *State v. Thompson*, 287 N.C. 303, 214 S.E. 2d 742 (1975), *death sentence vacated*, 428 U.S. 908, 49 L.Ed. 2d 1213 (1976); *State v. Bass*, 253 N.C. 318, 116 S.E. 2d 772 (1960).

This Court recently examined the *corpus delicti* rule in *State v. Parker*, 315 N.C. 222, 337 S.E. 2d 487. After an exhaustive review of the case law in this and other jurisdictions, Justice Billings, speaking for the Court, in part, stated:

We adopt a rule in non-capital cases that when the State relies upon the defendant's confession to obtain a conviction, it is no longer necessary that there be independent proof tending to establish the *corpus delicti* of the crime charged if the accused's confession is supported by substantial independent evidence tending to establish its trustworthiness, including facts that tend to show the defendant had the opportunity to commit the crime.

We wish to emphasize, however, that when independent proof of loss or injury is lacking, there must be *strong* corroboration of *essential* facts and circumstances embraced in the defendant's confession. Corroboration of insignificant facts or those unrelated to the commission of the crime will not suffice. We emphasize this point because although we have relaxed our corroboration rule somewhat, we remain advertent to the reason for its existence, that is, to protect against convictions for crimes that have not in fact occurred.

*Id.* at 236, 337 S.E. 2d at 495.

[2] We discern from our examination of *Parker* that the pre-*Parker* rule has not been abandoned but that *Parker* expanded the type of corroboration which may be sufficient to establish the trustworthiness of the confession. The pre-*Parker* rule is still fully applicable in cases in which there is some *evidence aliunde* the confession which, when considered with the confession, will tend to support a finding that the crime charged occurred. The rule does not require that the *evidence aliunde* the confession prove any element of the crime. The *corpus delicti* rule only requires *evidence aliunde* the confession which, when considered with the confession, supports the confession and permits a reasonable inference that the crime occurred. 30 Am. Jur. 2d *Evidence* § 1142 (1967). The independent evidence must touch or be concerned with the *corpus delicti. State v. Parker*, 315 N.C. 222, 337 S.E. 2d 487. The expanded rule enunciated in *Parker* applies in cases in which such independent proof is lacking but where there is substantial independent evidence tending to furnish strong corroboration of essential facts contained in defendant's confession so as to establish trustworthiness of the confession.

Although the burden is on the State to prove that defendant was the perpetrator of the crime, it is obvious that a confession will ordinarily furnish this proof.

Defendant admitted that the wrecked automobile was his, that he was driving it when it overturned, and that he had "a couple of beers" before driving the car. He further admitted that he went home and returned to the scene with his father and that he had nothing to drink after the accident. Thus, the only remaining question is whether defendant was intoxicated at the time he drove the motor vehicle on a public highway. We need not rely upon the *Parker* rule for here there is *evidence aliunde* defendant's confession touching on the *corpus delicti* which when considered with other evidence tends to support a finding that the charged crime occurred.

[3] *Evidence aliunde* admissions by defendant which tends to establish the *corpus delicti* is as follows: (1) the fact that the overturned automobile was lying in the middle of the road and that a single person was seen leaving the automobile; (2) the fact that when defendant returned to the scene, he appeared to be impaired as a result of using alcohol; (3) the fact that defendant later blew 0.14 on a breathalyzer; and (4) the fact that the wreck was otherwise unexplained. This evidence is sufficient to corroborate defendant's admission that he drove the vehicle on a public highway or vehicular area after he had consumed alcohol and, when considered with his admissions, was sufficient to support a reasonable inference that at the time he was driving the motor vehicle he had consumed a sufficient amount of alcohol to raise his blood alcohol level to 0.10 or greater at a relevant time after driving.

We are of the opinion that the majority of the panel in the Court of Appeals mistakenly concluded that *State v. Brown*, 308 N.C. 181, 301 S.E. 2d 89, mandated that defendant's assignment of error be sustained. We initially note that in *Parker* the Court expressly overruled the language in *Brown* which is inconsistent with the holding in *Parker. Parker*, 315 N.C. at 239, 337 S.E. 2d at 497. Further, we think that the facts in the instant case distinguish it from *Brown*. In *Brown* a mobile home was destroyed by fire while the owner of the home was away. The State's evidence tended to show that the fire was probably not caused by

conditions existing inside the mobile home. On the day the fire occurred, officers found personal property belonging to the owner of the burned home in the defendant's possession. The defendant was carried to the sheriff's office where he signed the following statement: "I, Ricky Brown, burnt down a trailer last night at Sid Jones Trailer Park belonging to Cindy." At the time the statement was signed, the defendant had been drinking, smoking marijuana, and was unable to keep food on his stomach. The jury returned verdicts of guilty of burning personal property and guilty of felonious breaking or entering. The defendant appealed and the Court of Appeals found no error in the defendant's trial. We allowed the defendant's petition for discretionary review and reversed that part of the Court of Appeals' decision holding the defendant guilty of the charge of burning personal property. In so holding, this Court stated:

> Even though the defendant's confession identifies him as the person who committed the burning, the State must first establish the *corpus delicti*, that a crime was in fact committed.
>
> The *corpus delicti* in this case is the criminal burning of personal property, to-wit Cindy Blackman's mobile home. There is no dispute either that Ms. Blackman's mobile home was destroyed by fire or that the origin of the fire was never discovered. The State presented evidence designed to show that the fire was most probably not the result of some condition present inside the mobile home. However, the State's evidence was insufficient to show the fire had a criminal origin. In fact it is just as reasonable to assume from the State's evidence that the fire was the result of a negligent act or an accident.

*Brown*, 308 N.C. at 183, 301 S.E. 2d at 90.

The statement made by the defendant in *Brown* was neutral as to criminal intent as related to the charge of burning personal property. Neither did the *evidence aliunde* the confession tend to support a finding that the crime of burning personal property had occurred.

We therefore hold that the trial court properly denied defendant's motion to dismiss.

Reversed.