STATE OF NORTH CAROLINA v. JEFFREY SCOTT SMITH, Defendant

No. COA02-798

(Filed 6 May 2003)

**1. Evidence— admissions—drinking and driving—statements to medical personnel**

An officer's testimony that defendant admitted drinking and driving to nurses and a doctor in an emergency room was admissible as an admission by a party opponent. The officer was standing at the head of defendant's bed during treatment and defendant was aware that he had been in a high-speed chase that ended in an accident. N.C.G.S. § 8C-1, Rule 801(d)(A).

STATE v. SMITH

[157 N.C. App. 493 (2003)]

### 2. Evidence— hearsay—hospital records—double hearsay—limiting instruction

The admission of hearsay was harmless error in a second-degree murder and DWI prosecution where the identity of the driver of the car was in dispute and the court admitted hospital records containing double hearsay that defendant was the driver. The court gave an instruction limiting consideration of the records to the type of treatment given to defendant.

### 3. Evidence— prior DWI convictions—admissible for malice

Defendant's prior convictions for driving while impaired were admissible in his second-degree murder and impaired driving prosecution where the prior convictions were remote in time but were offered to establish malice.

### 4. Evidence— expert opinion—vehicle crash—cause of death—medical examiner's testimony

The testimony of a medical examiner that the victim was killed when she struck the passenger side of a truck's door frame was admissible in a second-degree murder and DWI prosecution in which the identity of the driver was in dispute. Although defendant argued that the testimony was outside the witness's area of expertise, the witness had been accepted as an expert without objection and a medical examiner's statutory responsibilities include the inspection of physical evidence and inquiries into the manner of death. N.C.G.S. § 130A-385.

### 5. Evidence— outstanding charges and warrants—relevance

A defendant's outstanding criminal charges and unserved warrants were relevant in a second-degree murder and DWI prosecution which resulted from a high speed chase where questions were raised about the reason for the pursuit.

Judge TYSON concurring in part and concurring in the result.

Appeal by defendant from judgment entered 30 November 2001 by Judge James U. Downs in Superior Court, Henderson County. Heard in the Court of Appeals 25 March 2003.

*Attorney General Roy Cooper, by Special Deputy Attorney General Isaac T. Avery, III and Assistant Attorney General, Patricia A. Duffy, for the State.*

*Megerian & Wells, by Franklin E. Wells, Jr., for the defendant-appellant.*

STATE v. SMITH

[157 N.C. App. 493 (2003)]

WYNN, Judge.

By this appeal, defendant Jeffery Scott Smith presents several evidentiary questions for our review: Did the trial court erroneously admit (I) hearsay statements; (II) prior driving while impaired convictions too remote in time to have any probative value; (III) an expert opinion outside of the expert's field of expertise and (IV) testimony on defendant's outstanding arrest warrants? We find no error in the admission of this evidence.

The evidence at trial tended to show that defendant and his girlfriend, Melanie Issacs, consumed alcohol throughout the day of 16 January 2001. Ultimately, while riding together in defendant's pickup truck, they became engaged in a high-speed pursuit by several Hendersonville police officers that ended in a single-car accident killing Ms. Isaacs and injuring defendant.

As a result of the incident, the State charged defendant with second-degree murder, driving while impaired, felonious speeding to elude arrest, and assault with a firearm on a law enforcement officer. At trial, the State contended defendant drove the vehicle; whereas, defendant contended Ms. Isaacs drove it. The jury acquitted defendant of assault with a firearm on a law enforcement officer and convicted him of the remaining charges. Thereafter the trial court sentenced defendant, consecutively, to terms of 251 to 311 months for second-degree murder; 11 to 14 months for felonious speeding to elude arrest; and 12 months for driving while impaired. Defendant appealed to this Court.

[1] On appeal, defendant first contends the trial court erroneously admitted the following hearsay testimony of Officer Jim Player, who testified he was in the emergency room standing at the head of defendant's hospital bed during treatment:

Q: Was he asked by the treating nurses and doctors if he was the driver or the passenger of the vehicle? Did you hear that question asked?

A: Yes, sir, I did.

Q: What was his response?

MR. GARDO: Objection.

THE COURT: Overruled.

A: He advised he was the driver.

Q: Did they ask him if he had been drinking?

A: Yes, sir, they did.

Q: What did he tell them?

A: He said, yes he had.

MR. GARDO: Objection.

THE COURT: Overruled.

Defendant contends that Officer Player's hearsay testimony did not meet the medical diagnosis exception to the hearsay rule. N.C. Gen. Stat. § 8C-1, Rule 803(4).[1]

However, we need not decide whether this testimony was admissible as an exception under Rule 803(4) because we hold defendant's alleged statement constitutes an admission by party-opponent. Under N.C. Gen. Stat. § 8C-1, Rule 801(d)(A): "A statement is admissible as an exception to the hearsay rule if it is offered against a party and it is (A) his own statement, in either his individual or representative capacity." "An admission is a statement of pertinent facts which, in light of other evidence, is incriminating." *State v. Trexler*, 316 N.C. 528, 531, 342 S.E.2d 878, 879-80 (1986).

In this case, defendant was aware he had just been involved in a high-speed chase with the police that ended in an accident. Thus, his alleged statement that he was driving is incriminating and constitutes an admission. Accordingly, we hold that under Rule 801(d)(A), no error was committed in admitting Officer Player's statement regarding defendant's admission.

[2] Defendant also contends the trial court erred in admitting his hospital records because the records contain hearsay statements that he was the driver of the vehicle "when there was no objective indication that such statements were reliable and had no way to determine the source of the statements." Hospital records are admissible under the business records exception to the hearsay rule with the proper foundation. *See State of North Carolina v. Wood*, 306 N.C. 510, 515, 294 S.E.2d 310, 312-13 (1982). To lay the proper foundation, "the hospital

---

1. To be admissible as a statement made for purposes of medical diagnosis or treatment, a two part inquiry is required: (1) whether the declarant's statements were made for purposes of medical diagnosis or treatment; and (2) whether the declarant's statements were reasonably pertinent to diagnosis or treatment. Obviously, defendant's alleged statement was not related to medical diagnosis or treatment. N.C. Gen. Stat. § 8C-1, Rule 803(4) (2001).

librarian or custodian of the record or other qualified witness must testify to the identity and authenticity of the record and the mode of its preparation, and show that the entries were made at or near to the time of the act, condition or event recorded, that they were made by persons having knowledge of the data set forth, and that they were made *ante litem motam.* The court should exclude from jury consideration matters in the record which are immaterial and irrelevant to the inquiry, and entries which amount to hearsay on hearsay." *Id.*

In this case, Dr. Jones testified the notation that defendant was the unrestrained driver of the vehicle may have come from the paramedics. Nurse Walker could not recall the defendant stating he was the driver. Therefore the notation constituted hearsay on hearsay and should have been excluded from the jury's consideration. However, at trial, the trial court gave a limiting instruction to the jury that they could use the hospital records in their consideration of the type of medical treatment given defendant. The trial court specifically said "any other material or so-called histories of what occurred in regard to the accident or anything like that, designating him as the driver or passenger or whatever, you can only consider for corroboration purposes. And that means this: you can't consider that as substantive evidence that he was or was not the driver of the vehicle." We hold that the trial court's limiting instructing rendered any error in admitting the hearsay testimony in the records, harmless.

[3] By his next assignment of error, defendant contends the trial court erred in admitting into evidence certified copies of his prior convictions for driving while impaired because those convictions were too remote in time to have probative value. Specifically, defendant contends the evidence[2] "tended to show only that defendant was the sort of person who would drive while under the influence of some impairing substance and therefore was impermissible character evidence under N.C. Gen. Stat. § 8C-1, Rule 404(b)." However, the transcript indicates the state offered these convictions into evidence to establish the malice element of second degree murder.[3] In light of our Supreme Court's holding in *State v. Rich,* we find defendant's argument to be without merit. 351 N.C. 386, 400, 527 S.E.2d 299, 307 (2000)

---

2. The state admitted certified copies of defendant's convictions for driving while impaired in 1984 and 1990.

3. "Second degree murder is an unlawful killing with malice, but without premeditation and deliberation." *State v. Brewer,* 328 N.C. 515, 522, 402 S.E.2d 380, 385 (1991). "Intent to kill is not a necessary element of second degree murder, but there must be an intentional act sufficient to show malice." *Id.* at 522, 402 S.E. 2d at 385.

(holding the State had not violated Rule 404(b) when it entered a defendant's prior speeding convictions into evidence in a second-degree murder trial because "the State offered the evidence to show that defendant knew and acted with a total disregard of the consequences, which is relevant to show malice").

[4] Defendant next contends the trial court erred in permitting the medical examiner to offer an opinion that Ms. Isaacs was killed when she was struck by the passenger side of the truck's door frame because it was outside his area of expertise. We find defendant's argument to be without merit. The medical examiner, Dr. William Burwell Dunn, III, was accepted by the trial court, without objection, as a medical expert specializing in forensic pathology and medical examination. As part of his responsibilities, a medical examiner is required to "make inquiries regarding the cause and manner of death" and is "authorized to inspect all physical evidence and documents which may be relevant to determining the cause and manner of death of the person whose death is under investigation." N.C. Gen. Stat. § 130A-385 (2001). Because Dr. Dunn was qualified as an expert in medical examination, the trial court did not err in permitting his expert opinion as to the cause of Ms. Isaac's death.

[5] Defendant, by his last assignment of error, argues the trial court erred in permitting testimony about outstanding criminal charges and unserved warrants against him. Evidence is relevant if it can assist the jury in understanding the evidence. *State v. Huang*, 99 N.C. App. 658, 663, 394 S.E. 2d 279, 283 (1990). "Every circumstance that is calculated to throw any light upon the supposed crime is admissible." *State v. Hamilton*, 264 N.C. 277, 286-87, 141 S.E. 2d 506, 513 (1965).

In this case, the State pointed out at trial that this information was presented because "there have been an awful lot of question about why this pursuit went on, and I think it is relevant to that issue—whether or not someone was wanted legitimately by a criminal process." Thus, under the facts of this case and our rules of evidence, evidence as to why the pursuit occurred was relevant and admissible. Accordingly, we hold that the trial court did not err in permitting testimony about defendant's outstanding charges and unserved warrants.

No prejudicial error.

Judge STEELMAN concurs.

Judge TYSON concurs in part and concurs in the result.

TYSON, Judge, concurring in part and concurring in the result.

I concur with the majority opinion which finds no prejudicial error in the conviction of defendant for second-degree murder, driving while impaired and felonious speeding to elude. I write separately with regard to the admission of evidence of outstanding criminal charges and unserved warrants against defendant. The majority's language is too broad and sweeping. Relevancy must be proven by the admitting party under Rule 401 of the North Carolina Rules of Evidence.

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C. Gen. Stat. § 8C-1, Rule 401 (2001). Rule 402 of the North Carolina Rules of Evidence states that "[a]ll relevant evidence is admissible, except as otherwise provided. . . . Evidence which is not relevant is not admissible." N.C. Gen. Stat. § 8C-1, Rule 402. "[Relevant] evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." N.C. Gen. Stat. § 8C-1, Rule 403.

> Rule 401 sets a standard to which trial judges must adhere in determining whether proffered evidence is relevant; at the same time, this standard gives the judge great freedom to admit evidence because the rule makes evidence relevant if it has any logical tendency to prove any fact that is of consequence. Thus, even though a trial court's rulings on relevancy technically are not discretionary and therefore are not reviewed under the abuse of discretion standard applicable to Rule 403, such rulings are given great deference on appeal.

*State v. Wallace,* 104 N.C. App. 498, 502, 410 S.E.2d 226, 228 (1991), *disc. rev. denied,* 331 N.C. 290, 416 S.E.2d 398, *cert. denied,* 506 U.S. 915, 121 L. Ed. 2d 241 (1992) (citations omitted).

Defendant contends that evidence of outstanding criminal charges and unserved warrants are not relevant because he did not know of the outstanding charges or warrants at the time. The State responds that the evidence was not admitted to show the state of

mind of defendant but the state of mind of the police officers during the high speed pursuit.

During direct examination, Officer Raymond Lyle Case of the Henderson Police Department testified:

Q In fact, had you had some involvement with the two of them [defendant and the victim] not too long before this?

A Yes, sir, about 10 days prior I had helped the Hendersonville Police Department execute a search warrant on 514 Dairy Street.

Q Would you tell us whether or not as a result of that search, there was a criminal process outstanding for both of these defendants on January 16th?

A Yes, there was.

[DEFENSE COUNSEL]: Objection

THE COURT: How is that relevant?

[PROSECUTOR]: There have been an awful lot of question [sic] about why this pursuit went on, and I think it is relevant to that issue—whether or not someone was wanted legitimately by a criminal process.

THE COURT: Overruled.

Officer Case testified that defendant had felony and misdemeanor warrants outstanding. Although Officer Case was not on the scene during the chase, he testified that he was en route when defendant began to flee and transmitted information that defendant was wanted on outstanding felony warrants via radio to the officers involved in the pursuit. The police officers' knowledge of the pending felony warrants and outstanding criminal process at the time of and during the pursuit is relevant to the state of mind of the officers in their pursuit of defendant. The trial court did not abuse its discretion in determining that the evidence was relevant and admissible.