659 S.E.2d 757 (2008)
In the Matter of J.J.D.L.
No. COA07-839.
Court of Appeals of North Carolina.
April 15, 2008.
Attorney General Roy Cooper, by Assistant Attorney General Lauren M. Clemmons, for the State.
Sofie Hosford, Wilmington, for defendant-appellant.
BRYANT, Judge.
Defendant J.J.D.L., a juvenile, appeals from the trial court's adjudication and disposition for first degree sex offenses with a child under N.C. Gen.Stat. § 14-27.4(a)(1).
On 23 June 2006, the mother of T.B.M. filed a juvenile petition against defendant for sexual offenses against her son. The first petition alleged indecent liberties between children and three additional petitions alleged *759 three separate counts of first degree sex offense. Evidence submitted during an adjudicatory hearing to determine delinquency tended to show the offenses occurred when defendant was fourteen years old and the victim, T.B.M., was seven years old.
During the hearing, T.B.M. identified defendant in the courtroom and testified that "[defendant] stuck his pee worm in [T.B.M.'s] butt hole." T.B.M. acknowledged that he referred to a penis as a "pee worm" or "pee bug." T.B.M. testified that defendant did this on five different occasions, all of which occurred in defendant's bedroom or in a bathtub. T.B.M. testified that defendant used lotion to lubricate himself, and when defendant anally penetrated him in the shower, defendant used soap. T.B.M. testified that each experience was painful.
T.B.M.'s mother testified that one day T.B.M. told her he did not want to go back to his grandmother's house and when questioned related the above events as the reason why. Defendant's grandfather was married to T.B.M.'s grandmother and defendant had a room at their house. T.B.M.'s mother filed a report with the Robeson County Sheriff's Department. Sergeant Sue Lutz with the Juvenile Division was assigned to investigate.
During the investigation Sgt. Lutz interviewed defendant with his mother present. Sgt. Lutz read defendant his juvenile rights warning and both defendant and his mother signed to indicate they understood defendant's rights. Defendant talked to Sgt. Lutz, and although defendant never signed a statement, at the juvenile delinquency hearing Sgt. Lutz testified, over defendant's objection, to the content of their conversation. Sgt. Lutz stated defendant acknowledged three occasions during which, though he denied penetration, defendant admitted that he either soaped or lotioned his penis, stuck it between the victim's "butt cheeks and humped him." Sgt. Lutz also testified to defendant's acknowledgment of a fourth occasion when another boy named Johnny[1] was present. Though defendant admitted to masturbating in the presence of T.B.M. and Johnny, defendant denied performing any sexual act on T.B.M. at that time. Sgt. Lutz testified that according to defendant all of these events occurred in defendant's room or in a shower in T.B.M.'s grandmother's house.
During the course of the investigation, Sgt. Lutz and T.B.M.'s mother accompanied T.B.M. when he was examined by Dr. Howard Loughlin, a Board Certified Pediatrician practicing in Fayetteville, North Carolina at Southern Regional AHEC as the Medical Director of the Child Abuse Evaluation Clinic. At that time, Dr. Loughlin spoke to Sgt. Lutz, T.B.M.'s mother, and T.B.M. At the adjudication hearing, Dr. Loughlin testified without objection that T.B.M.'s mother informed him T.B.M.'s school performance had gotten "much worse," at times he was "much more moody," and T.B.M. had started having accidents where he urinated and defecated on himself.
Dr. Loughlin testified that he examined T.B.M. on two occasions  27 April and 19 May 2006, for evaluation, diagnosis, and treatment of alleged sexual abuse. Dr. Loughlin noted that T.B.M.'s anus was much larger than he was accustomed to seeing on physical exams. Dr. Loughlin testified that on a typical child T.B.M.'s age, the anal opening would be closed with perhaps a minimal, if any, opening. T.B.M.'s anal opening measured one and a half by two centimeters. Dr. Loughlin testified that in terms of the victim's anal dilation this was the most striking exam he had seen in twelve years.
During the examination, T.B.M. related to Dr. Loughlin those events that occurred at his grandmother's house, and Dr. Loughlin asked T.B.M. if anyone besides defendant participated. At the adjudicatory hearing, Dr. Loughlin testified, without objection, that T.B.M. mentioned the name of another boy, Johnny. Dr. Loughlin further testified that T.B.M.'S behavior and the disclosures of the physical exam were consistent with those of children who had been sexually abused, anally sodomized.
At the adjudicatory hearing, Johnny, fourteen years old at the time of trial and another grandchild of T.B.M.'s grandmother, testified to an incident that occurred one day *760 when he was out from school for a week. Johnny testified that he, defendant, and T.B.M. were at their grandmother's house watching a movie in defendant's bedroom. At some point, defendant pulled his pants down, began masturbating, and encouraged Johnny to join him. Johnny testified that Defendant asked T.B.M. if defendant could "clean [T.B.M.] out"? To which, T.B.M. responded no, saying it burned the last time. Johnny testified defendant urged T.B.M. to cooperate three times before relenting.
On 22 January 2007, the trial court entered a written adjudication order adjudicating defendant delinquent as to three counts of first degree sex offense under N.C.G.S. § 14-27.4(a)(1) and dismissing the charge of indecent liberties. In addition, the trial court ordered that defendant submit to a sex offender specific evaluation and not be around T.B.M. or around children without supervision. The trial court scheduled a disposition hearing for 13 March 2007. At the hearing, the trial court, despite the lack of a sex offender specific evaluation, ordered defendant committed to the Youth Development Center of the Department of Juvenile Justice and Delinquency for an indefinite commitment not to exceed defendant's eighteenth birthday, absent an extension; to submit and comply with any sex offender specific evaluation and its recommendations; have no contact with the victim; and register as a sex offender pursuant to N.C. Gen.Stat. § 14-208.26.
On 14 March 2007, defendant filed a notice of appeal and made a motion for release from custody pending appeal. On 19 March 2007, the trial court denied defendant's motion for release.
On appeal, defendant raises three issues: whether the trial court erred by (I) denying defendant's motion for release pending appeal, (II) allowing Sgt. Lutz to testify about statements made by defendant that were against defendant's interests, and (III) proceeding with the disposition hearing in the absence of a sex offender specific evaluation report.

I
Defendant first questions whether the trial court erred by denying defendant's release pending appeal. Defendant argues the trial court stated no reason for denying defendant's release and that the order should be reversed as a matter of law. We disagree.
Under North Carolina General Statute 7B-2605,
[p]ending disposition of an appeal, the release of the juvenile, with or without conditions, should issue in every case unless the court orders otherwise. For compelling reasons which must be stated in writing, the court may enter a temporary order affecting the custody or placement of the juvenile as the court finds to be in the best interests of the juvenile or the State.
N.C. Gen.Stat. § 7B-2605 (2007).
Here, the trial court ordered defendant committed to the Youth Development Center of the Department of Juvenile Justice and Delinquency for an indefinite commitment to last for a minimum of six months and a maximum term to end on defendant's eighteenth birthday. The record also contains the trial court's form for appellate entries in a delinquency proceeding, which includes the denial of defendant's motion to be released pending appeal pursuant to G.S. 7B-2605. On the form, the trial court stated the following as the compelling reason defendant's motion for release was denied: "first degree sex offenses with a child 14-27.4(a)(1)."
Under North Carolina General Statute 14-27.4(a)(1),
[a] person is guilty of a sexual offense in the first degree if the person engages in a sexual act . . . [w]ith a victim who is a child under the age of 13 years and the defendant is at least 12 years old and is at least four years older than the victim.
N.C. Gen.Stat. § 14-27.4(a)(1) (2007).
Given that defendant does not challenge the trial court's findings of fact that defendant "did engage in a sex offense with [T.B.M.], a child under the age of 13 years, who was at least four years younger than [defendant] and [defendant] was at least twelve years old, being offenses in violation *761 of G.S. 14-27.4(A)(1)," we cannot hold the trial court's denial of defendant's motion to be released pending appeal was unsupported or manifestly without reason.
Accordingly, defendant's assignment of error is overruled.

II
Defendant next questions whether the trial court erred in admitting Sgt. Lutz's summary of defendant's statement. Defendant argues the State failed to establish Sgt. Lutz's summary constituted an accurate account of defendant's statement and the document constituted hearsay falling within no exception. We disagree.
Under North Carolina Rules of Evidence, Rule 801(c), "`Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted," N.C. Gen.Stat. § 8C-801(c) (2007), and "[h]earsay is not admissible except as provided by statute or by these rules." N.C. Gen.Stat. § 8C-802 (2007). Under N.C.G.S. 8C-801(d), titled "Exception for Admissions by a Party-Opponent," "[a] statement is admissible as an exception to the hearsay rule if it is offered against a party and it is . . . his own statement, in either his individual or a representative capacity." N.C. Gen.Stat. § 8C-801(d) (2007). "An admission is a statement of pertinent facts which, in light of other evidence, is incriminating." State v. Smith, 157 N.C.App. 493, 496, 581 S.E.2d 448, 450 (2003) (citation omitted).
In the North Carolina General Statutes, under Juvenile Code section 7B-2407, titled "When admissions by juvenile may be accepted," "[t]he court shall determine whether there were any prior discussions involving admissions . . . [and] [t]he court may accept an admission from a juvenile only after determining that the admission is a product of informed choice." N.C. Gen.Stat. 7B-2407 (b) (2007).
Here, the evidence presented during the adjudicatory hearing showed that during the investigation, Sgt. Lutz interviewed defendant, with his mother present. Sgt. Lutz testified that, at the time of the interview, defendant was not in custody; Sgt. Lutz read defendant his Juvenile Rights Warning, after which both defendant and his mother signed a statement indicating they understood the rights; and after defendant and his mother left, Sgt. Lutz wrote her summary of the interview. Sgt. Lutz's summary of defendant's statements during the interview were not admitted during the delinquency proceeding.
Sgt. Lutz then testified to defendant's admission that on at least three different occasions he used T.B.M.'s body for sexual gratification, though he denied penetrating T.B.M. Sgt. Lutz testified to defendant's statements regarding one incident involving both T.B.M. and another boy named Johnny, though in that situation defendant denied assaulting T.B.M. Sgt. Lutz testified to defendant's statements that all of these incidents occurred in defendant's room or in a shower.
We hold Sgt. Lutz's testimony was admissible under both Rule of Evidence, Rule 801(d), allowing admissions by a defendant, and General Statute 7B-2407, governing when admissions by a juvenile may be accepted. Accordingly, defendant's assignment of error is overruled.

III
Last, defendant questions whether the trial court erred in conducting the dispositional hearing without the results of a court ordered sex offender evaluation. Defendant argues that in the absence of such a report, the public safety issues or the defendant's need for treatment could not be properly assessed.
Under North Carolina Rules of Appellate Procedure, Rule 10(b)(1)
In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context. It is also necessary for the complaining party to obtain *762 a ruling upon the party's request, objection or motion.
N.C.R.App. P. 10(b)(1) (2007).
Here, even acknowledging the informality allowed in a dispositional hearing, see N.C. Gen.Stat. § 7B-2501(a) ("[t]he dispositional hearing may be informal . . ."), the record gives no indication defendant contested the continuance of the dispositional hearing on the grounds that a sex offender specific evaluation was unavailable. As "[t]his Court will not consider arguments based upon matters not presented to, or adjudicated by the trial tribunal[,]" State v. Hairston, 123 N.C.App. 753, 761, 475 S.E.2d 242, 247 (1996), defendant is procedurally barred from asserting this argument.
Moreover, on appeal, defendant fails to argue how the absence of a sex offender specific evaluation hindered the trial court's ability to properly sentence him. The trial court adjudicated defendant delinquent based on the commission of a B1 felony, first degree sex offenses with a child under N.C.G.S. § 14-27.4(a)(1), (b) (2007). This is categorized as a "violent offense." See N.C. Gen. Stat. § 7B-2508(a)(1). In addition to commitment to the Youth Development Center of the Department of Juvenile Justice, the trial court ordered defendant to submit to and comply with any sex offender specific evaluations and its recommendations.
Affirmed.
Judges HUNTER and JACKSON concur.
NOTES
[1] "Johnny" is a pseudonym used in place of juvenile's real name.