DIETZ, Judge.
 

 *476
 
 In June 2013, two masked men robbed a convenience store at gunpoint. They shot up the store, leaving bullet holes and shell casings, and
 
 *477
 
 fled in a getaway car. The store's employees and several customers outside witnessed the robbery. The store's security cameras also recorded the robbery.
 

 Over the next month, police tried unsuccessfully to identify and apprehend the perpetrators and ultimately offered a reward for information. Defendant D'Marcus Ballard then came forward and told police he was one of the men who planned and participated in the robbery. He explained that the other men involved in the robbery murdered his cousin, and he was coming forward because he wanted justice. He provided police with details of the robbery that had not been released to the public.
 

 Later, Ballard changed his story and insisted that he was not involved in the robbery. He claimed that he came forward to frame the men who killed his cousin and to get the reward money. At trial, the State introduced Ballard's statements, testimony from other witnesses, and the security footage. Ballard moved to dismiss based on the doctrine of
 
 corpus delicti
 
 -a seldom invoked legal doctrine that precludes a conviction where the only evidence that the crime occurred is the perpetrator's own testimony. The trial court denied his motion and, after the jury convicted him, Ballard appealed.
 

 The
 
 corpus delicti
 
 rule does not apply here. To be sure, Ballard's own testimony is the only evidence that
 
 he
 
 participated in planning and executing the robbery. But there is no dispute that the robbery happened-the evidence includes security footage, numerous eyewitnesses, and bullet holes and shell casings throughout the store. The doctrine of
 
 corpus delicti
 
 applies where the defendant's confession is the only evidence that the crime occurred at all, not where the confession is the only evidence the defendant was the perpetrator. Accordingly, we find no error in Ballard's conviction.
 

 With respect to Ballard's sentence, the trial court's judgment mistakenly indicated that Ballard's prior felony record level was II
 

 *77
 
 rather than I, a mistake the court later corrected without a new sentencing hearing. Even if we assume that the mistaken record level on the judgment form was not merely a clerical error, we must find that error harmless. Ballard's sentence was within the presumptive range at both record levels and this Court has repeatedly held that an erroneous record level calculation does not prejudice the defendant if the trial court's sentence is within the presumptive range at the correct record level.
 
 See, e.g.,
 

 State v. Ledwell,
 

 171 N.C.App. 314
 
 , 321,
 
 614 S.E.2d 562
 
 , 567 (2005). Accordingly, we find no error.
 

 *478
 

 Facts and Procedural History
 

 On 27 June 2013, two masked men entered the FIDA Mart in Hamilton, North Carolina. There were four employees inside the store and some customers in the parking lot. One of the men pointed a revolver at a store employee and said "freeze." The men then began shooting, sending the store employees scrambling for cover and leaving bullet holes and shell casings throughout the store. The men quickly fled from the scene in a getaway car parked outside. Store security video recorded the incident.
 

 Police interviewed the witnesses, reviewed the security camera footage, and collected the shell casings from the scene, but were unable to identify the perpetrators. Police eventually offered a reward for information about the perpetrators. Nearly a month later, on 23 July 2013, Defendant D' Marcus Ballard contacted police. Ballard explained that he was involved in the robbery, knew the identities of the other perpetrators, and wanted to come clean. He told police that he believed others who participated in the robbery killed his cousin and he wanted justice.
 

 Ballard gave police a detailed explanation of his involvement in planning and committing the robbery, including details that police had not released to the public. Ballard also signed a three-page written confession containing the same information. Police then charged Ballard with attempted armed robbery with a dangerous weapon, conspiracy to commit robbery with a dangerous weapon, and four counts of assault with a deadly weapon with intent to kill.
 

 At trial, the State called several witnesses who described what happened during the robbery. The State also introduced the store's surveillance video of the robbery. Ballard took the stand in his own defense and told the jurors that he was innocent. He explained that he learned about the robbery from the news media and confessed in an attempt to get back at gang members who killed his cousin. Ballard also moved to dismiss the charges based on the
 
 corpus delicti
 
 rule. The trial court denied the motion and the jury found him guilty of attempted armed robbery with a dangerous weapon, conspiracy to commit robbery with a dangerous weapon, and four counts of misdemeanor assault with a deadly weapon.
 

 The trial court sentenced Ballard to consecutive sentences of 60-84 months in prison for the attempted robbery conviction, 20-36 months in prison for the conspiracy conviction, and 75 days for the four assault convictions.
 

 *479
 
 Approximately one month after sentencing, the Department of Public Safety notified the trial court of a possible error on the judgment forms because the forms listed Ballard's prior felony record level as II when it should have been I. On 6 January 2013, the trial court corrected the judgments for the two felony convictions to accurately reflect Ballard's prior felony record level of I. The court did not hold a new sentencing hearing. Ballard timely appealed.
 

 Analysis
 

 I. The
 
 Corpus Delicti
 
 Rule
 

 Ballard first challenges the trial court's denial of his motion to dismiss based on the
 
 corpus delicti
 
 rule. For the reasons explained below, we reject Ballard's argument.
 

 "It is well established in this jurisdiction that a naked, uncorroborated, extrajudicial confession is not sufficient to support a criminal conviction."
 
 State v. Trexler,
 

 316 N.C. 528
 
 , 531,
 
 342 S.E.2d 878
 
 , 880 (1986). The "
 
 corpus delicti
 
 rule" requires "that there be corroborative evidence, independent of defendant's confession, which tend[s] to prove the commission of the charged crime."
 

 Id.
 

 Importantly, the
 
 corpus delicti
 
 rule applies where the confession is the only evidence
 
 *78
 
 that the crime was committed; it does not apply where the confession is the only evidence that the defendant committed it. As our Supreme Court has explained, whether the defendant was "the perpetrator of the crime" is not an element of
 
 corpus delicti:
 

 [T]he phrase "
 
 corpus delicti
 
 " means the "body of the crime." To establish guilt in a criminal case, the prosecution must show that (a) the injury or harm constituting the crime occurred; (b) this injury or harm was caused by someone's criminal activity; and (c) the defendant was the perpetrator of the crime. It is generally accepted that the
 
 corpus delicti
 
 consists only of the first two elements, and this is the North Carolina rule.
 

 State v. Parker,
 

 315 N.C. 222
 
 , 231,
 
 337 S.E.2d 487
 
 , 492-93 (1985).
 

 Here, Ballard argues that the trial court should have dismissed the charges based on the
 
 corpus delicti
 
 rule because "but for his statement, there was no independent evidence to involve him with the planning of the incident ... or at the scene." With respect to the attempted robbery and assault charges, the fact that Ballard refers to the "incident" demonstrates why his argument is flawed. There is no dispute that two
 
 *480
 
 masked men entered a convenience store, ordered the employees to freeze, began shooting when the employees ran for cover, and then fled in a nearby car. Thus, there is uncontested evidence that "the injury or harm constituting the crime" of attempted robbery and assault occurred and that "this injury or harm was caused by someone's criminal activity." The only unanswered question is
 
 who
 
 committed the crime. Ballard's confession answered this question and, as our Supreme Court held in
 
 Parker,
 
 a confession identifying who committed the crime is not subject to the
 
 corpus delicti
 
 rule.
 
 315 N.C. at 231
 
 ,
 
 337 S.E.2d at 492-93
 
 .
 

 Ballard's argument is slightly more complicated with respect to the conspiracy charge because, as our Supreme Court has held, in a conspiracy prosecution the
 
 corpus delicti
 
 is not the act itself but "the conspiracy to do the act."
 
 State v. Whiteside,
 

 204 N.C. 710
 
 ,
 
 169 S.E. 711
 
 , 712 (1933). There is no direct, tangible evidence that the men who shot up the convenience store had, before committing the act, conspired to do it. But we hold that there is sufficient corroborative evidence to defeat application of the
 
 corpus delicti
 
 rule.
 

 First, the fact that two masked men entered the store at the same time, began shooting at employees at the same time, and then fled together in the same car, strongly indicates that the men had previously agreed to work together to commit a crime. Second, as part of his explanation for how he helped plan the robbery, Ballard provided details about the crime that had not been released to the public, further corroborating his involvement. Finally, as the Supreme Court noted in
 
 Parker,
 
 conspiracy is among a category of crimes for which a "strict application" of the
 
 corpus delicti
 
 rule is disfavored because, by its nature, there will never be any tangible proof of the crime:
 

 a strict application of the
 
 corpus delicti
 
 rule is nearly impossible in those instances where the defendant has been charged with a crime that does not involve a tangible
 
 corpus delicti
 
 such as is present in homicide (the dead body), arson (the burned building) and robbery (missing property). Examples of crimes which involve no tangible injury that can be isolated as a
 
 corpus delicti
 
 include certain "attempt" crimes, conspiracy and income tax evasion.
 

 Parker,
 

 315 N.C. at 232
 
 ,
 
 337 S.E.2d at 493
 
 . In light of the corroborative evidence present here, and the Supreme Court's discussion in
 
 Parker,
 
 we hold that the
 
 corpus delicti
 
 rule does not bar Ballard's conviction for conspiracy to commit armed robbery.
 

 *481
 

 II. Sentencing Error
 

 Ballard next argues that he is entitled to resentencing on the convictions for attempted armed robbery and conspiracy to commit armed robbery because the judgments of conviction listed the wrong prior felony record level. As explained below, even if this was more than a mere clerical error, our precedent compels us to find the error harmless.
 

 *79
 
 The parties concede that Ballard's prior felony record level at the time of sentencing was I, not II. But the judgments of conviction erroneously listed his record level as II. After the Department of Public Safety notified the trial court of this error, the trial court corrected the judgment forms without a new sentencing hearing.
 

 The State contends that this was simply a clerical error and the trial court properly corrected it without the need for a new sentencing hearing. Even if we assume that the error was not merely a clerical one, the error is harmless. Ballard's sentence was within the presumptive range at both record levels and this Court repeatedly has held that an erroneous record level calculation does not prejudice the defendant if the trial court's sentence is within the presumptive range at the correct record level.
 
 See, e.g.,
 

 State v. Ledwell,
 

 171 N.C.App. 314
 
 , 321,
 
 614 S.E.2d 562
 
 , 567 (2005) ;
 
 State v. Rexach,
 
 No. COA14-1012,
 
 2015 WL 1201250
 
 ,
 
 772 S.E.2d 13
 
 (N.C.Ct.App.2015) (unpublished) ("An error in the calculation of a defendant's prior record level points is deemed harmless if the sentence imposed by the trial court is within the range provided for the correct prior record level.");
 
 State v. Dilworth,
 
 No. COA13-856,
 
 2014 WL 1795180
 
 ,
 
 759 S.E.2d 711
 
 (N.C.Ct.App.2014) (unpublished) ("We have held that an error in the calculation of felony prior record level points is harmless or not prejudicial if the sentence imposed by the trial court is within the range established for the correct prior record level."). Thus, even if we assume the mistake on the judgment forms was not merely a clerical error, our precedent establishes that the error was harmless.
 

 Conclusion
 

 We find no error in Defendant's convictions and sentence.
 

 NO ERROR.
 

 Judges HUNTER, JR. and DILLON concur.