CALABRIA, Judge.
 

 *339
 
 Jason Lee Sawyers ("defendant") appeals from judgments entered upon jury verdicts finding him guilty of driving while impaired, driving
 
 *340
 
 while license revoked, reckless driving, possession of up to one-half ounce of marijuana, and possession of marijuana paraphernalia. After careful review, we conclude that defendant received a fair trial, free from error.
 

 I. Background
 

 At approximately 5:30 p.m. on 11 February 2015, defendant and his girlfriend, Martha Goff ("Goff"), were driving southbound on Old Highway 52 in King, North Carolina. They were traveling at a high rate of speed in Goff's Dodge Charger, and the driver lost control of the car through a sharp curve. After swerving several times, the car spun off the road, hit a tree, and landed in a ditch. Volunteer firefighter William Tedder ("Tedder") heard the "horrendous" crash from a nearby cemetery where he was working, and he immediately reported to the scene. Several other drivers who witnessed the accident also pulled over, provided assistance, and called law enforcement.
 

 Approximately five minutes after defendant's car landed in a ditch, Sergeant Kevin Crane ("Sergeant Crane") of the King Police Department arrived. Sergeant Crane discovered that the Charger was severely damaged: the passenger's side door would not open, and one of the front wheels was missing. Defendant, seated in the driver's seat, appeared very fidgety and nervous while speaking with Tedder. Goff was seated in the passenger's seat. Sergeant Crane detected an odor of alcohol emanating from the vehicle.
 

 Emergency Medical Services arrived and examined defendant and Goff to determine whether they sustained injuries. Meanwhile, Sergeant Crane investigated the vehicle. Goff's purse was on the passenger's side floorboard, and some of its contents had scattered on the floor during the crash. Sergeant Crane discovered a brass pipe laying on the driver's side floorboard, near the base of the seat. When he inspected the pipe, he detected an odor of marijuana on it. Based on his training and experience, Sergeant Crane concluded that the brass pipe was drug paraphernalia.
 

 Defendant and Goff were seated in the ambulance when Trooper Kevin Johnson ("Trooper Johnson") of the North Carolina Highway Patrol arrived at approximately 5:46 p.m. Sergeant Crane gave the brass pipe to Trooper Johnson, and Tedder advised that defendant had been behind the wheel when Tedder first arrived to the scene. After investigating the Charger, Trooper Johnson approached the ambulance to interview defendant and Goff.
 

 *341
 
 At first, defendant denied driving, but upon further questioning, he admitted that he was the driver. However, defendant denied that he had been drinking prior to the accident. When Trooper Johnson asked defendant to produce his driver's license, defendant provided an identification card and admitted that his license was revoked. Trooper Johnson subsequently conducted a pat-down search of defendant and discovered a pill bottle containing a small amount of marijuana in his right front pocket.
 

 Trooper Johnson detected a strong odor of alcohol on defendant's breath and noticed that defendant's eyes were red and glassy, and his speech was slurred. Based on these indicators, Trooper Johnson opined that defendant was appreciably impaired. Trooper Johnson began administering a field sobriety test, but defendant admitted that he was intoxicated and refused to cooperate. Consequently, Trooper Johnson arrested defendant for driving while impaired.
 

 On 4 January 2016, defendant was indicted by a grand jury in Stokes County Superior Court for habitual impaired driving; driving while license revoked; reckless driving; possession of up to one-half ounce of marijuana; and possession of marijuana paraphernalia. A jury trial commenced on 25 July 2016. At the close of the State's evidence, defendant moved to dismiss all charges for insufficient
 
 *151
 
 evidence. Defendant argued that in order to satisfy the driving element of these offenses, the State must prove that the vehicle was actually "moving and running," and here, the evidence merely showed that the defendant was "sitting in the passenger seat of a wrecked car[.]" After allowing the State to respond, the trial court denied defendant's motion. Defendant subsequently presented evidence but did not testify. Defendant renewed his motion for dismissal at the close of all evidence, and the trial court denied the motion as to all charges.
 

 On 28 July 2016, the jury returned verdicts finding defendant guilty of all charges. At sentencing, defendant stipulated to his prior convictions and status as a habitual impaired driver. For habitual impaired driving, the trial court sentenced defendant to 17-30 months in the custody of the North Carolina Division of Adult Correction. The trial court also imposed a 120-day suspended sentence for driving while license revoked, and a 60-day suspended sentence for the consolidated offenses of reckless driving, possession of marijuana, and possession of marijuana paraphernalia. Defendant appeals.
 

 *342
 

 II. Analysis
 

 On appeal, defendant contends that the trial court erred in denying his motion to dismiss the charges of: (1) reckless driving and driving while impaired; and (2) possession of marijuana paraphernalia.
 

 We review the trial court's denial of a defendant's motion to dismiss
 
 de novo
 
 .
 
 State v. Smith
 
 ,
 
 186 N.C. App. 57
 
 , 62,
 
 650 S.E.2d 29
 
 , 33 (2007). In reviewing a defendant's motion to dismiss, the question for the trial court "is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied."
 
 State v. Fritsch
 
 ,
 
 351 N.C. 373
 
 , 378,
 
 526 S.E.2d 451
 
 , 455 (citation omitted),
 
 cert. denied
 
 ,
 
 531 U.S. 890
 
 ,
 
 121 S.Ct. 213
 
 ,
 
 148 L.Ed.2d 150
 
 (2000). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."
 
 State v. Smith
 
 ,
 
 300 N.C. 71
 
 , 78-79,
 
 265 S.E.2d 164
 
 , 169 (1980).
 

 "[T]he trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor."
 
 State v. Rose
 
 ,
 
 339 N.C. 172
 
 , 192,
 
 451 S.E.2d 211
 
 , 223 (1994),
 
 cert. denied
 
 ,
 
 515 U.S. 1135
 
 ,
 
 115 S.Ct. 2565
 
 ,
 
 132 L.Ed.2d 818
 
 (1995). Accordingly, "the defendant's evidence should be disregarded unless it is favorable to the State or does not conflict with the State's evidence. The defendant's evidence that does not conflict may be used to explain or clarify the evidence offered by the State."
 
 State v. Scott
 
 ,
 
 356 N.C. 591
 
 , 596,
 
 573 S.E.2d 866
 
 , 869 (2002) (citations and quotation marks omitted).
 

 A. Driving Offenses
 

 Defendant first challenges the trial court's denial of his motion to dismiss under the
 
 corpus delicti
 
 rule. Specifically, defendant contends that the State presented insufficient evidence to establish that he was driving the car. We disagree.
 

 The
 
 corpus delicti
 
 rule requires that there be corroborative evidence, independent of a defendant's extrajudicial confession, which tends to prove the commission of the charged offense.
 
 State v. Parker
 
 ,
 
 315 N.C. 222
 
 , 231,
 
 337 S.E.2d 487
 
 , 491 (1985). "It is well established in this jurisdiction that a naked, uncorroborated, extrajudicial confession is not sufficient to support a criminal conviction."
 
 State v. Trexler
 
 ,
 
 316 N.C. 528
 
 , 531,
 
 342 S.E.2d 878
 
 , 880 (1986). Accordingly, "[w]hen the State relies upon a defendant's extrajudicial confession, we apply the
 
 corpus delicti
 
 rule to guard against the possibility that a defendant will be
 
 *343
 
 convicted of a crime that has not been committed."
 
 State v. Cox
 
 ,
 
 367 N.C. 147
 
 , 151,
 
 749 S.E.2d 271
 
 , 275 (2013) (citation and quotation marks omitted). "This inquiry is preliminary to consideration of whether the State presented sufficient evidence to survive the motion to dismiss."
 

 Id.
 

 In North Carolina, there are two approaches to the
 
 corpus delicti
 
 rule.
 
 Id.
 
 at 153,
 
 749 S.E.2d at 276
 
 . According to the traditional approach, the State's independent evidence must " 'touch or concern the
 
 corpus
 

 *152
 

 delicti
 
 '-literally, the body of the crime, such as the dead body in a murder case."
 
 Id.
 
 at 151,
 
 749 S.E.2d at 275
 
 (brackets omitted) (quoting
 
 Parker
 
 ,
 
 315 N.C. at 229
 
 ,
 
 337 S.E.2d at
 
 491 ). However, "the corroborative evidence need not in any manner tend to show that the defendant was the guilty party."
 
 Id.
 
 at 152,
 
 749 S.E.2d at 275
 
 (citation and internal quotation marks and ellipsis omitted). Rather, once "the State presents evidence tending to establish that the injury or harm constituting the crime occurred and was caused by criminal activity, then the
 
 corpus delicti
 
 rule is satisfied and the State may use the defendant's confession to prove his identity as the perpetrator."
 

 Id.
 

 However, the traditional approach to the
 
 corpus delicti
 
 rule has limitations. Indeed, "a strict application ... is nearly impossible in those instances where the defendant has been charged with a crime that does not involve a tangible
 
 corpus delicti
 
 such as is present in homicide (the dead body), arson (the burned building) and robbery (missing property)."
 
 Parker
 
 ,
 
 315 N.C. at 232
 
 ,
 
 337 S.E.2d at 493
 
 (providing "certain 'attempt' crimes, conspiracy and income tax evasion" as examples of crimes that involve no isolated, tangible injury). Acknowledging this shortcoming, in
 
 State v. Parker
 
 , our Supreme Court adopted a second approach to the
 
 corpus delicti
 
 rule, which applies in non-capital cases:
 

 [W]hen the State relies upon the defendant's confession to obtain a conviction, it is no longer necessary that there be independent proof tending to establish the
 
 corpus delicti
 
 of the crime charged if the accused's confession is supported by substantial independent evidence tending to establish its trustworthiness, including facts that tend to show the defendant had the opportunity to commit the crime.
 

 Id.
 
 at 236,
 
 337 S.E.2d at 495
 
 . The Court emphasized, however, that "when independent proof of loss or injury is lacking, there must be
 
 strong
 
 corroboration of
 
 essential
 
 facts and circumstances embraced in the defendant's confession. Corroboration of insignificant facts or those unrelated to the commission of the crime will not suffice."
 

 Id.
 

 *344
 
 Significantly, the
 
 Parker
 
 rule did not supersede our traditional approach.
 
 Cox
 
 ,
 
 367 N.C. at 153
 
 ,
 
 749 S.E.2d at 276
 
 . "Rather, the State may now satisfy the
 
 corpus delicti
 
 rule under the traditional formulation or under the
 
 Parker
 
 formulation."
 

 Id.
 

 On appeal, defendant contends that the State failed to present sufficient corroborative evidence, independent of his extrajudicial confession to Trooper Johnson, identifying defendant as the driver of the Charger. We disagree. Defendant's argument demonstrates a common misunderstanding of the
 
 corpus delicti
 
 rule. As previously explained, the rule "guard[s] against the possibility that a defendant will be convicted of a crime that has not been committed."
 
 Id.
 
 at 151,
 
 749 S.E.2d at 275
 
 . Significantly, however, "a confession identifying
 
 who committed the crime
 
 is not subject to the
 
 corpus delicti
 
 rule."
 
 State v. Ballard
 
 ,
 
 244 N.C. App. 476
 
 , 479-480,
 
 781 S.E.2d 75
 
 , 78 (2015) (emphasis added) (citing
 
 Parker
 
 ,
 
 315 N.C. at 231
 
 ,
 
 337 S.E.2d at
 
 492-93 ),
 
 disc. review denied
 
 ,
 
 368 N.C. 763
 
 ,
 
 782 S.E.2d 514
 
 (2016).
 

 In the instant case, the State presented substantial evidence to establish that the cause of the car accident was criminal activity, i.e. reckless and impaired driving. Three witnesses testified that immediately before the crash, the Charger's driver was speeding and driving in an unsafe manner on a curvy section of Highway 52. Sergeant Crane testified that when he arrived to the scene of the accident, he detected an odor of alcohol emanating from both of the vehicle's occupants. While it may have been unclear at that time whether defendant or Goff was the driver, the
 
 corpus delicti
 
 rule merely "requires the State to present evidence tending to show that the crime in question occurred. The rule does not require the State to logically exclude every possibility that the defendant did not commit the crime."
 
 Cox
 
 ,
 
 367 N.C. at 152
 
 ,
 
 749 S.E.2d at 275
 
 . Here, the State presented sufficient evidence to establish that the car accident resulted from reckless and impaired driving. Therefore, "the
 
 corpus delicti
 
 rule is satisfied and the State may use the defendant's confession to prove his identity as the perpetrator."
 

 Id.
 

 *153
 
 Moreover, two motorists who stopped to assist after the accident testified that they witnessed defendant exiting from the driver's side of the vehicle mere "seconds" after the crash occurred. In addition, Tedder testified that when he arrived to the scene, defendant was exiting the Charger on the driver's side, and Goff was reclined in the passenger's seat. Sergeant Crane subsequently recovered Goff's purse from the passenger's side floorboard. This independent evidence both supports the trustworthiness of defendant's confession,
 
 Parker
 
 ,
 
 315 N.C. at 236
 
 ,
 
 337 S.E.2d at 495
 
 , and defeats his challenge to the sufficiency of the evidence on appeal.
 
 Cox
 
 ,
 
 367 N.C. at 155
 
 ,
 
 749 S.E.2d at 277
 
 .
 

 *345
 
 Defendant argues that the State failed to rebut Goff's testimony that
 
 she
 
 was driving the Charger prior to the accident. However, on a motion to dismiss, the trial court disregards the defendant's evidence "unless it is favorable to the State or does not conflict with the State's evidence."
 
 Scott
 
 ,
 
 356 N.C. at 596
 
 ,
 
 573 S.E.2d at 869
 
 . Goff's testimony clearly conflicts with the State's evidence. Accordingly, the trial court properly disregarded this evidence upon review of defendant's motion to dismiss. This argument is overruled.
 

 B. Possession of Marijuana Paraphernalia
 

 Defendant next asserts that the State failed to present substantial evidence that defendant constructively possessed the marijuana pipe. We disagree.
 

 In North Carolina,
 

 [i]t is unlawful for any person to knowingly use, or to possess with intent to use, drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, package, repackage, store, contain, or conceal marijuana or to inject, ingest, inhale, or otherwise introduce marijuana into the body.
 

 N.C. Gen. Stat. § 90-113
 
 .22A(a) (2015). "Drug paraphernalia" means "all equipment, products and materials of any kind that are used to facilitate, or intended or designed to facilitate, violations of the Controlled Substances Act[.]"
 
 N.C. Gen. Stat. § 90-113.21
 
 (a). While the statutory definition specifically includes metal pipes and other objects used "for ingesting, inhaling, or otherwise introducing marijuana ... into the body,"
 
 N.C. Gen. Stat. § 90-113.21
 
 (a)(12), "all ... relevant evidence ... may be considered" in determining whether an item constitutes drug paraphernalia.
 
 N.C. Gen. Stat. § 90-113.21
 
 (b).
 

 To prove a violation of
 
 N.C. Gen. Stat. § 90-113
 
 .22A, the State must establish that the defendant possessed drug paraphernalia with the intent to use it in connection with a controlled substance.
 
 See
 

 State v. Hedgecoe
 
 ,
 
 106 N.C. App. 157
 
 , 164,
 
 415 S.E.2d 777
 
 , 781 (1992). Possession may be actual or constructive.
 
 State v. Garrett
 
 , --- N.C. App. ----, ----,
 
 783 S.E.2d 780
 
 , 784 (2016). "A defendant has constructive possession of contraband where, while not having actual possession, he has the intent and capability to maintain control and dominion over it."
 

 Id.
 

 (citation and internal quotation marks omitted). When the defendant does not have exclusive control over the premises where the contraband is found,
 
 *346
 
 "the State must show other incriminating circumstances sufficient for the jury to find [the] defendant had constructive possession."
 

 Id.
 

 (citation omitted). "Whether sufficient incriminating circumstances exist to support a finding of constructive possession is a fact-specific inquiry dependent upon the totality of the circumstances in each case."
 

 Id.
 

 Here, although defendant did not have exclusive possession of the Charger, sufficient incriminating circumstances existed for the jury to find that defendant constructively possessed the brass pipe. The State presented substantial evidence that defendant was driving the Charger immediately before the accident. Sergeant Crane discovered the pipe on the driver's side floorboard of the vehicle, and he detected an odor of marijuana in the pipe. Furthermore, when Trooper Johnson discovered a small amount of marijuana on defendant's person, defendant admitted that the contraband belonged to him.
 
 See
 

 N.C. Gen. Stat. § 90-113.21
 
 (b)(4)-(5) (providing that "[t]he proximity of the
 
 *154
 
 object to a controlled substance" and "[t]he existence of any residue of a controlled substance on the object" are relevant considerations in determining whether an object is drug paraphernalia). The jury could reasonably infer from these circumstances that defendant constructively possessed the pipe and intended to use it to smoke the marijuana that he actually possessed. Such evidence was more than sufficient for the trial court to deny defendant's motion to dismiss.
 

 III. Conclusion
 

 Because the State's evidence established that the accident was caused by reckless and impaired driving, the
 
 corpus delicti
 
 rule was satisfied, and defendant's confession provided substantial evidence that he was the driver.
 
 Cox
 
 ,
 
 367 N.C. at 155
 
 ,
 
 749 S.E.2d at 277
 
 . Furthermore, there were sufficient incriminating circumstances to support a jury finding that defendant constructively possessed the brass pipe, an object of drug paraphernalia pursuant to
 
 N.C. Gen. Stat. § 90-113.21
 
 . For these reasons, we hold that the trial court did not err by denying defendant's motion to dismiss.
 

 NO ERROR.
 

 Judges BRYANT and STROUD concur.