IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-442

Filed 19 March 2025

Watauga County, No. 23 CR 438356

STATE OF NORTH CAROLINA

v.

JOSHUA DUANE WILSON

Appeal by defendant from judgment entered 31 October 2023 by Judge Theodore W. McEntire in Watauga County District Court. Heard in the Court of Appeals 14 January 2025.

> *Attorney General Jeff Jackson, by Assistant Attorney General Brent D. Kiziah, for the State.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Sterling Rozear, for defendant-appellant.*

DILLON, Chief Judge.

Defendant Joshua D. Wilson pleaded guilty to possession of a stolen firearm. During sentencing, the trial court determined Defendant's prior record level ("PRL") to be Level III with 6 points. And after finding a mitigating factor, the trial court sentenced Defendant to 6 to 17 months, within the PRL Level III mitigating range.

On appeal, Defendant argues that the trial court should have calculated his PRL as a Level II with 5 points. Specifically, he argues that, in calculating Defendant's PRL, the trial court erroneously assigned 1 point for a Class 1

misdemeanor conviction on driving while license revoked for impaired driving

("DWLR-Impaired Revocation").  For the reasoning below, we agree and, therefore,

vacate the judgment and remand for resentencing.

## I. Analysis

At the outset, we note there is a question as to whether Defendant properly

gave notice of his appeal.  To the extent that Defendant's notice was not sufficient to

invoke jurisdiction over this appeal, we grant Defendant's petition for writ of

*certiorari* to aid our jurisdiction.  *See* N.C.G.S. § 7A-32(c).[1]

During sentencing, a defendant may stipulate to a prior conviction, relieving

the State from its burden of producing other evidence of that conviction.  *State v.*

*Arrington*, 371 N.C. 518, 522 (2018).  However, it is a question of law as to how many

points to assign any said prior conviction.  *Id.* at 524 ("Once a defendant [stipulates

to a prior offense], the trial court then makes a legal determination by reviewing the

proper classification of [said] offense so as to calculate the points assigned to that

prior offense.").

For prior convictions of traffic offenses, our General Assembly has directed that

a sentencing court allocate 1 point for any Class 1 or A1 misdemeanor, defined as

"impaired driving, impaired driving in a commercial vehicle, and misdemeanor death

by vehicle, *but no[ ] . . . other misdemeanor traffic offense*[.]"  N.C.G.S. § 15A-

---

[1] We note that Defendant also filed a Motion for Appropriate Relief with our Court, in which he seeks the same relief that he seeks on appeal.  Based on this opinion, we render his motion moot.

1340.14(b)(5) (emphasis added).

Here, the trial court calculated 6 points arising from Defendant's prior record, which included 1 point for his prior DWLR-Impaired Revocation conviction. On appeal, Defendant does not challenge that conviction. Rather, he correctly argues that DWLR-Impaired Revocation is an "other misdemeanor traffic offense" expressly exempted from PRL determinations. During sentencing, Defendant bound himself to only the factual stipulation of this conviction, not any legal stipulation arising from that conviction. Accordingly, we hold that the trial court should have only assigned 5 points to Defendant's prior record. As such, Defendant should have been sentenced as a PRL II, rather than a PRL III. *See* N.C.G.S. § 15A-1340.14(c)(2), (3) (defining the PRL II range as 2 to 5 points and the PRL III range as 6 to 9 points).

The State argues that any error by the trial court in sentencing Defendant as a PRL III was not prejudicial. Specifically, the State argues essentially as follows: Defendant was sentenced for a Class H felony to a minimum term of 6 months. The mitigated range for a Class H felony with a PRL III is 6 to 8 months. The mitigated range for a Class H felony with a PRL II is 4 to 6 months. *See* N.C.G.S. § 15A-1340.17(c). The minimum sentence here of 6 months is within the mitigated range for both PRL II and PRL III. Accordingly, the State reasons that Defendant cannot show prejudice.

As the State has pointed out, our Court has held that a defendant suffers no prejudice when a trial court assigns him the wrong PRL where his sentence "is within

the presumptive range at the correct record level." *See, e.g., State v. Ballard*, 244 N.C. App. 476, 481 (2015). In another case, our Court found no prejudicial error where a defendant's minimum sentence fell within both the PRL [VI] applied by the sentencing judge and the lower PRL [V] that the judge should have applied:

> The presumptive range of minimum sentences for a [PRL] V offender convicted of a Class C felony is between 101 and 127 months' imprisonment, and the presumptive range of minimum sentences for a [PRL] VI [ ] is between 117 and 146 months[.] Defendant was sentenced to a minimum of 117 months[,] which is within the presumptive range of minimum sentences for both a [PRL] V and VI offender. Therefore, the trial court's error, if present, was harmless.

*State v. Harris*, 255 N.C. App. 653, 663 (2017) (internal citations omitted). *See also State v. Ledwell*, 171 N.C. App. 314, 321 (2005).

However, our Supreme Court has held that a defendant *is* entitled to be re-sentenced where he was sentenced at an incorrect PRL, *even if* his sentence was within the proper PRL. *See State v. Williams*, 355 N.C. 501 (2002). In holding such, our Supreme Court reasoned that prejudice occurs because the trial court may have sentenced the defendant to less time had the court applied the correct PRL:

> Under the State's theory, 145 months falls within the range for minimum presumptive sentences for class C felonies at a prior record level V, and therefore, the trial court may have been somewhat lenient in the Crump assault case. Thus, the State contends that defendant has not suffered any harm in the sentence for the Crump assault from the trial court's error finding defendant to have a prior record level of VI. We disagree.

> Defendant was sentenced at an incorrect prior record level, and the trial court sentenced defendant according to this incorrect prior record level. We are not persuaded by the State's contention that defendant was not harmed *because the trial court could have sentenced defendant to lesser time for the Crump assault if the proper prior record level had been calculated.* If the trial court was lenient with regard to sentencing defendant in the Crump assault case, as the State contends, then that is for the trial court to determine, not the State. Therefore, we remand this case for resentencing on only the noncapital felony convictions at a prior record level V.

*Id.* at 587 (emphasis added).

Our Supreme Court's 2002 decision in *Williams* has not been overruled by that Court. And decisions from our Court holding that a defendant is *not* prejudiced do not cite to *Williams*. Accordingly, we conclude we must apply our Supreme Court's holding in *Williams* and hold that Defendant has been prejudiced. Indeed, perhaps on remand the trial court may sentence Defendant to a minimum sentence of four months, which is at the bottom of the sentencing range for a PRL II offender and which is below the six-month minimum sentence the trial court imposed on Defendant as a PRL III offender.

In conclusion, we hold that the trial court erred in assigning a point for Defendant's prior DWLR-Impaired Revocation offense and, therefore, sentencing Defendant as a PRL III. Accordingly, we vacate the judgment and remand. On remand, the trial court shall sentence Defendant as a PRL II.

VACATED AND REMANDED.

Judge WOOD concurs.

Judge MURRY dissents by separate opinion.

MURRY, Judge, dissenting.

I agree with the majority that the trial court erred when it sentenced Defendant as prior record level (PRL) III instead of a PRL II. However, I disagree that this error requires a remand for resentencing under *State v. Williams*. Accordingly, I respectfully dissent in part.

Pursuant to his plea agreement, Defendant was sentenced to 6 to 17 months suspended for 18 months of supervised probation. As part of the plea negotiation, Defendant stipulated to being a PRL III. Additionally, the State dismissed the charges of felony possession of methamphetamine, misdemeanor possession of drug paraphernalia, and three traffic offenses.

On appeal, Defendant argues that the trial court erred by sentencing him as a PRL III with six points. He asserts that he would "have received lesser time" had the trial court "properly calculated" him as a PRL II with only five points. Stipulations to convictions are questions of fact left undisturbed absent an abuse of discretion; however, assignments of PRLs are questions of law reviewed *de novo*, *State v. Wingate*, 213 N.C. App. 419, 420 (2011), that "[do] not bind[ ] . . . appellate" courts. *State v. Prevette*, 39 N.C. App. 470, 472 (1979). Based on a *de novo* substitution of judgment for that of the trial court, *State v. Williams*, 362 N.C. 628, 632–33 (2008), I would hold that the sentencing error is not prejudicial because the Defendant's sentence is "still within the . . . range [of either] record level[ ]." *State v. Ballard*, 244 N.C. App. 476, 477 (2015).

Under N.C.G.S. § 15A-1443, a trial court's error prejudices a defendant "unless the appellate court finds" the resulting violation of his constitutional rights "harmless beyond a reasonable doubt," which the State bears the burden of showing. N.C.G.S. § 15A-1443(b) (2015).

> The rules for determining harmless error vary depending on whether a defendant has asserted the denial of a constitutional right or a statutory right. . . .When a defendant requests relief for the denial of a statutory right, N.C.G.S. § 15A-1443(a) places the burden of demonstrating prejudice squarely on the defendant. N.C.G.S. § 15A-1443(a). In most circumstances, satisfying this burden requires the defendant to show "a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises."

*State v. King*, 386 N.C. 601, 609 (2024) (internal citations omitted).

I would find that Defendant has not carried his burden of proving that a different result would have been reached had Defendant been sentenced as a PRL II instead of a PRL III.

When analyzing "improper calculations of [PRL] points," *State v. Lindsay*, 185 N.C. App. 314, 315 (2007), this Court has "repeatedly . . . held that an erroneous . . . calculation does not prejudice the defendant if [his] . . . sentence is [still] within the presumptive range at the correct record level." *Ballard*, 244 N.C. App. 476, 477 (2015).

The majority invokes *State v. Williams*, 355 N.C. 501 (2022), to assert our Supreme Court's "express[ ] reject[ion]" of harmless-error analysis of a defendant's

purportedly incorrect PRL sentencing. In *Williams*, the defendant was sentenced to death and eight other non-capital sentences, each of which ran concurrently with the death sentence itself but consecutively to one another. *Id.* at 565. The Court acknowledged the trial court's failure to "sentence[ ] defendant according to [ ]his [ ]correct [PRL]." *Id.* at 587. On appeal, the State conceded the necessity of a resentencing hearing for every non-capital sentence except the contested one within an allegedly correct range for its minimum presumptive sentence. *Id.* The Court held that this outstanding sentence still prejudiced the defendant "because the trial court could have sentenced [him] to lesser time" had it properly calculated defendant's PRL. *Id.* As a result, the Court remanded all eight non-capital offenses for resentencing. *Id.* at 590.

Unlike *Williams*, Defendant's sentence does not involve intertwined sentences for which the State conceded a common prejudicial error. Defendant's sentence does not run consecutively or concurrently to any other prejudicial sentences. Further, a one-point miscalculation in PRL does not automatically prejudice a defendant under N.C.G.S. § 15A-1443(b), thereby invalidating the judgment. Rather, N.C.G.S. § 15A-1443(b) directs "the appellate courts" to make a "find[ing]" as to whether the State has met its burden of demonstrating that the error was harmless. The Supreme Court in *Williams* was "not persuaded" that the error was harmless; the Court of Appeals in *Ballard* and *Harris* were. *Ballard*, 244 N.C. App. 476, 781 S.E.2d 75 (2015); *State v. Harris*, 255 N.C. App. 653, 662-63 (2017). I find *Ballard* and *Harris*

more analogous to the present case. Both *Ballard* and *Harris* are published opinions and I would follow the precedent established regarding harmless error when analyzing PRL errors and sentencing.

In *Ballard*, this Court held that the trial court harmlessly erred when it calculated the defendant's sentence as a PRL II instead of a PRL I. This Court reasoned that a defendant's "sentence was within the presumptive range at both [the correct and incorrect] record levels," and thus "d[id] not prejudice the defendant." *Id.* at 481. Here, Defendant's mitigated 6 to 17 month sentence similarly falls "within the range" at both PRL II and III in the mitigated range. N.C.G.S. § 15A-1340.17. Our Supreme Court denied discretionary review of *Ballard*.

Additionally, in *Harris*, this Court held that the trial court's error of sentencing a defendant as the wrong PRL level was harmless because the sentence was within the correct PRL range. *Harris*, 255 N.C. App. at 663. In *Harris*, the trial court committed error in finding defendant's PRL to be a VI instead of a V. *Id.* at 663—64. The *Harris* Court noted that "precedent compel[led] [it]" to hold harmless error if the trial court's sentence stayed "within the presumptive range at the correct record level." *Id.* at 663.

> The State concedes the mathematical error in Defendant's prior record level calculation, but argues the error was harmless. *See Lindsay*, 185 N.C. App. at 315 ("This Court applies a harmless error analysis to improper calculations of prior record level points." (citations omitted)). Our precedent compels us to agree. "[T]his Court repeatedly has held that an erroneous record level calculation does not

4

> prejudice the defendant if the trial court's sentence is within the presumptive range at the correct record level." *Ballard*, 244 N.C. App at 481 (citing *State v. Ledwell*, 171 N.C. App. 314, 321 (2005)); *see also State v. Rexach*, 240 N.C. App. 90, WL 1201250, at *2 (2015) (unpublished) ("An error in the calculation of a defendant's prior record level points is deemed harmless if the sentence imposed by the trial court is within the range provided for the correct prior record level.").

*Id*. (cleaned up).

I would similarly hold the trial court's error harmless because Defendant's sentence remained within the mitigated range for both PRL II and PRL III. Therefore, the trial court's error did not prejudice Defendant.

## II.    Conclusion

For the reasons discussed above, I would hold that the trial court's error was harmless and did not prejudice Defendant.  Thus, I respectfully dissent in part.